IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VICKI SAWYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-0433-SSA-CV-W-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Plaintiff Vicki Sawyer seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on May 21, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> Commissioner's decision as well as evidence that supports it. As long as
> substantial evidence in the record supports the Commissioner's decision, we may
> not reverse it because substantial evidence exists in the record that would have
> supported a contrary outcome or because we would have decided the case
> differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

The decision of the Administrative Law Judge (ALJ) found that plaintiff has not been under disability as defined in the Social Security Act, as amended, at any time through her date last insured of June 30, 2006, for purposes of Title II benefits, and through the date of this decision for purposes of Title XVI payments. The ALJ found that while plaintiff suffered from the severe impairments of bipolar disorder, generalized anxiety disorder and mild right carpal tunnel syndrome, and from the non-severe impairments of COPD, and a history of colitis, these impairments did not equal singularly, or in combination, a listing contained in the Listing of Impairments in Appendix 1, Subpart P of Regulations No. 4. The ALJ went on to determine that plaintiff had the residual functional capacity (RFC) to do medium work with some limitations to account for her impairments. Based on this RFC, the ALJ determined that plaintiff could do her past work which was medium unskilled work as a glass cleaner and kitchen helper, as well as

other light and medium unskilled jobs. Accordingly, the ALJ found that plaintiff was not disabled as defined by the Social Security Act.

The plaintiff argues that the ALJ erred in: (1) failing to properly consider all of plaintiff's mental impairments and failing to properly determine her COPD to be a severe impairment; (2) failing to give proper weight to plaintiff's treating source opinions; and (3) giving improper weight to the opinion of a single decision maker. The Government has responded in opposition, supporting the decision of the ALJ and arguing that the ALJ made no error and the decision is supported by substantial evidence in the record as a whole.

Upon review, this Court finds the ALJ's decision is not supported by substantial evidence in the record as a whole. First, the ALJ erred in failing to determine plaintiff's COPD to be a severe impairment. There is not substantial evidence to support the ALJ's contention that plaintiff's COPD does not have more than a minimal effect on plaintiff's ability to do basic work activities. See SSR 96-3p.

Second, the ALJ further erred in not giving greater or controlling weight to the opinions of plaintiff's treating physicians. Under the SSA's regulations, an ALJ must give a treating physician's opinion controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009). Here, there is not substantial evidence in the record to support the ALJ's discounting the opinions of Drs. Purohit and Cantrell. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion).

Third, the ALJ erred in mistakenly believing that the single decision maker was providing an expert medical opinion. A single decision maker is not an acceptable medical source, and therefore, cannot give a medical opinion or establish the existence of a medically determinable impairment. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). It is legal error for an ALJ to give weight to an opinion of a lay person as being from a medical consultant. Dewey v. Astrue, 509 F.3d 447, 449 (8th Cir. 2007).

## Conclusion

After carefully reviewing the record, the Court finds the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. See Battles v. Shalala,

36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). This is because the evidence in this case has not been properly considered. This case is remanded for further development of the record. Specifically, the ALJ should properly include COPD as a severe impairment in the evaluation process, and give the proper weight to the opinions of plaintiff's treating physicians, and no weight to the opinion of the single decision maker.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

Dated this 24th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge